NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000633
26-FEB-2018
08:18 AM

NO. CAAP-15-0000633

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JANE J.P. LIU, Plaintiff-Appellant, v.
DEPARTMENT OF THE MEDICAL EXAMINER, CITY AND
COUNTY OF HONOLULU, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 15-1-0213)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Reifurth and Chan, JJ.)

This case arises from a purported "agency appeal" filed in the Circuit Court of the First Circuit ("Circuit Court") by Plaintiff-Appellant, pro se, Jane J.P. Liu from the refusal by Defendant-Appellee Department of the Medical Examiner, City and County of Honolulu ("City"), to amend the cause of death stated on her mother, Ang-Gee Liu's, death certificate from "suicide" to "homicide" or "undecided."

On February 27, 2015, the City filed a motion to dismiss Liu's case ("Motion to Dismiss"). After a hearing, the Circuit Court[1] granted the Motion to Dismiss on April 27, 2015 ("April 27, 2105 Order"), and entered Final Judgment against Liu on July 21, 2015 ("July 21, 2015 Final Judgment"). Liu filed what amounted to a motion to reconsider the April 27, 2015 Order, which the Circuit Court denied on August 19, 2015 ("August 19, 2015 Order"). Liu appeals from the April 27, 2015 Order, the July 21, 2015 Final Judgment, and the August 19, 2015 Order.

---

[1] The Honorable Rhonda Nishimura presided.

We construe Liu to contend that the Circuit Court erred in granting the City's Motion to Dismiss. Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Liu's contentions as follows and affirm.

The Circuit Court did not err when it granted the Motion to Dismiss. The Circuit Court noted at the hearing on the City's motion that Liu claimed to file an appeal under Hawaii Revised Statutes ("HRS") chapter 92F ("Uniform Information Practices Act") from the city medical examiner's decision to list the cause of death on Liu's mother's death certificate as a "suicide." The Circuit Court explained that while Liu wanted to correct her mother's death certificate, the Uniform Information Practices Act pertains only to a requester's personal records and not those of another (or, in this case, the requestor's mother), and therefore provided no basis upon which the court might order the City to modify its decision.

The Circuit Court further explained that Liu had filed an appeal from the agency's decision under HRS section 91-14,[2] but that chapter 91 appeals pertain only to contested case proceedings.[3] The court explained that without an underlying contested case hearing, it lacked jurisdiction under HRS chapter 91 to hear Liu's case.

On appeal, Liu continues to argue her case on its merits and asks this court to authorize the amending of her mother's death certificate. To invoke the lower court's

---

[2] HRS section 91-14 states, in relevant part:

> (a) Any person aggrieved by a final decision and order in a contested case or by a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief is entitled to judicial review thereof under this chapter[.]

Haw. Rev. Stat. § 91-14(a) (2012).

[3] A "contested case" is defined in HRS chapter 91 as "a proceeding in which the legal rights, duties, or privileges of specific parties are required by law to be determined after an opportunity for agency hearing." Haw. Rev. Stat. § 91-1(5) (2012). An "agency hearing" is defined as "such hearing held by an agency immediately prior to a judicial review of a contested case as provided in section 91-14." Haw. Rev. Stat. § 91-1(6).

jurisdiction under HRS section 91-14, however, Liu must have participated in a contested case hearing. *See Public Access Shoreline Hawai'i v. Hawai'i Cty. Planning Comm'n*, 79 Hawai'i 425, 431, 903 P.2d 1246, 1252 (1995) (providing the requirements of HRS section 91-14, which include claimant's invovlement in a "contested case" hearing); *Bush v. Hawaiian Homes Comm'n*, 76 Hawai'i 128, 134, 870 P.2d 1272, 1278 (1994) (noting that appellant needed to satisfy the prerequisite of "participation in a contested case in order to entitle them to judicial review pursuant to HRS section 91-14(a)").

Liu does not allege that she participated and the record reflects that she did not participate in a contested case hearing before the city medical examiner. Therefore, the Circuit Court did not err in granting the City's Motion to Dismiss; and the April 27, 2015 Order, the July 21, 2015 Final Judgment, and the August 19, 2015 Order are each affirmed.

DATED: Honolulu, Hawai'i, February 26, 2018.

On the briefs:

Jane J.P. Liu,
Pro Se Plaintiff-Appellant.

Sarah T. Casken,
Deputy Corporation Counsel,
City & County of Honolulu,
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3